**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **QUINCY BIOSCIENCE, LLC,** | |
| **Plaintiff,** | **Case No. 1:17-cv-8292** |
| **v.** | |
| **ELLISHBOOKS, ELISHBOOKS CORPORATION and DOES 1-5** | **JURY REQUESTED** |
| **Defendants.** | |

### FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

This is a suit by Plaintiff Quincy Bioscience, LLC ("Quincy") against Defendants Ellishbooks, Elishbooks Corporation and Does 1-5 (collectively "Defendants") for damages and injunctive relief arising out of Defendants' misappropriation and use of Plaintiff's PREVAGEN® trademark. As set forth below, Defendants' unlawful acts constitute trademark infringement, false advertising and unfair competition under the Lanham Act and Illinois state law, dilution under the Federal Trademark Dilution Act and Illinois Trademark Registration and Protection Act, deceptive conduct under the Illinois Uniform Trade Practices Act and unjust enrichment under the common law.

### PARTIES

1. Plaintiff Quincy Bioscience, LLC ("Quincy") is a Wisconsin corporation with an address at 726 Heartland Trail, Suite 300, Madison, Wisconsin, 53717.

1

2.     Defendant Ellishbooks is a seller of goods on the internet website Amazon.com, and uses the Amazon.com storefront name "Ellishbooks" to commit the infringing and unlawful actions stated in this First Amended Complaint.  On information and belief, the principal place of business of Defendant Ellishbooks is 103 Governors Rd., Lakewood, New Jersey 08701-1462.

3.     Defendant Elishbooks Corporation is a registered domestic corporation in the State of New Jersey with an address at 103 Governors Rd., Lakewood, New Jersey 08701-1462.  Upon information and belief, Elishbooks Corporation (Elishbooks being spelled with one "l") is the owner and/or operator or manager of Defendant Ellishbooks (spelled with two "l"'s).

4.     Defendants Does 1-5 are sued here under fictitious names because their true names and capacities are unknown to Plaintiff at this time.  Upon information and belief, the Does are or have been affiliated with the remaining Defendants in connection with the matters alleged in this First Amended Complaint, acting in concert and active participation with one or more of the remaining Defendants in committing the wrongful acts alleged herein.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the federal trademark, false advertising and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

6.     This Court has supplemental jurisdiction over the claims in this First Amended Complaint which arise under state statute and the common law of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.     Upon information and belief, Defendants have engaged in continuous and systematic business contacts with the State of Illinois and customers therein via, among other

activities, unlawful and unauthorized internet sales activities directed to Illinois. Consequently, Defendants are subject to this Court's jurisdiction because they regularly conduct business in this District, have committed the acts complained of herein in this District, and their acts have caused harm in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and Defendants are doing business in the Northern District of Illinois by, among other things, selling its products within this District.

## FACTUAL BACKGROUND

9. This action arises from Defendants' unlawful use of Plaintiff's PREVAGEN® trademark.

10. Quincy is a research-based biotechnology company which develops, markets and sells dietary supplements used for, *inter alia*, the support of cognitive function. Since at least as early as 2007, Quincy has used the trademark PREVAGEN® in commerce in connection to dietary supplements.

11. Quincy's high-quality dietary supplements, including its PREVAGEN® line of dietary supplements, are widely available for retail purchase in brick and mortar stores throughout the United States. Quincy's PREVAGEN® supplements are also widely marketed and distributed by way of various Internet websites.

12. Quincy owns all rights to U.S. Trademark Registration No. 3,349,744 for the PREVAGEN® mark, which is used in connection with "dietary supplements" in International Class 005 and United States Classes 006, 018, 044, 046, 051, and 052. The PREVAGEN® mark was registered on December 4, 2007.

3

13.     By virtue of Quincy's long and continuous use of its mark, the foregoing trademark registration is now legally incontestable pursuant to 15 U.S.C § 1065.  A copy of U.S. Trademark Registration No. 3,349,744 is attached hereto as Exhibit A.

14.     The use by Quincy of its distinctive PREVAGEN® mark for its quality nutritional supplement product has led Quincy to acquire valuable goodwill and name-recognition within the dietary supplement industry.

15.     Quincy's PREVAGEN® product is sold packaged in a single facing box, which contains a bottle of dietary supplements sealed with a plastic safety overwrap and a product information sheet.  Both the box and the sheet contain valuable information regarding the product which is not present on the bottle label, including information on the use of the product, answers to frequently asked questions about the product, and a toll-free number for contacting Quincy.

16.     Quincy offers a money-back guarantee to purchasers of genuine PREVAGEN® products, which does not extend to purchases from unauthorized sellers of PREVAGEN® products.

17.     Defendant Ellishbooks sells dietary supplements to customers in the United States and abroad on the internet website Amazon.com under the seller ID (also known as an Amazon.com "storefront" name) "Ellishbooks," including dietary supplements identified as PREVAGEN® with accompanying pictures of bottles of Plaintiff's PREVAGEN® products, including but not limited to Plaintiff's PREVAGEN® Regular Strength product.  Shipping labels sent by Defendant Ellishbooks indicate that said supplements are shipped to Amazon.com purchasers by Defendant Ellishbooks from 103 Governors Rd., Lakewood, New Jersey 08701-1462.

4

18. Defendant Elishbooks Corporation is, upon information and belief, the owner and/or operator or manager of Defendant Ellishbooks and the "Ellishbooks" Amazon.com storefront name. Upon information and belief, Defendant Elishbooks Corporation's corporate address is 103 Governors Rd., Lakewood, New Jersey 08701-1462. This is the identical address from which Defendant Ellishbooks has shipped products bearing Plaintiff's PREVAGEN® trademark.

19. Upon information and belief, one or more Does have acted in concert and active participation with Defendant Ellishbooks in the sale of PREVAGEN® products.

20. Defendants are not authorized sellers of PREVAGEN® products.

21. Any PREVAGEN® products sold by Defendants are not covered by Plaintiff's warranty.

22. Upon information and belief, Defendants have sold dietary supplements identified as Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products in altered or damaged packaging which lacks one or more of the product information sheets found in or accompanying PREVAGEN® products sold by authorized sellers.

23. Upon information and belief, Defendants have sold dietary supplements identified as Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products without the appropriate purchase codes or other markings that identify the appropriately authorized retail seller of the products.

24. Upon information and belief, Defendants have sold Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products containing Radio Frequency Identification ("RFID") tags and security tags from retail pharmacy stores.

25.     Upon information and belief, Defendants have sold, without authorization from Plaintiff, Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products originally sold in retail pharmacy stores.

26.     The missing money-back guarantee, purchase codes, product information sheets, and foreign substances not manufactured by Quincy each represent a material difference between Plaintiff's PREVAGEN® products and Defendants' products.

27.     Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long before Defendants' first use thereof.

28.     Upon information and belief, Defendants had knowledge of Quincy's prior use and registration of the PREVAGEN® trademark, and acted willfully and with intent to deceive consumers in its adoption and use of the PREVAGEN® mark.

29.     Upon information and belief, Defendants have sold PREVAGEN® products that are suspected to have at one time been stolen from retail pharmacy stores.

30.     Upon information and belief, Defendants knew or had reason to know that at least some of the PREVAGEN® products Defendants have sold were at one time stolen from retail outlets across the country.

31.     Upon information and belief, Defendants' purchases of previously stolen PREVAGEN® products enable Defendants to sell PREVAGEN® product for less money than Plaintiff's authorized sellers purchase PREVAGEN® product, providing a competitive advantage to Defendants, and diverting sales from Plaintiff and Plaintiff's authorized sellers.

## COUNT I
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

32.     Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

33.     Defendants are using Plaintiff's registered PREVAGEN® trademark in interstate commerce in connection with Defendants' unlawful sales of nutritional supplement products.

34.     Defendants' use of the PREVAGEN® mark is without Plaintiff's consent.

35.     Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendants' first use thereof.

36.     PREVAGEN® is registered on the principal register in the United States Patent and Trademark Office for the same type of goods upon or in connection with which Defendants use the mark.

37.     Defendants' use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendants, in violation of 15 U.S.C. § 1114(1).

38.     Upon information and belief, Defendants adopted and uses the PREVAGEN® mark in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in those marks and confuse consumers as to the affiliation between Defendants and Plaintiff, and to divert customers and revenue from Plaintiff.

39.     Upon information and belief, Defendants intentionally use the PREVAGEN® mark, knowing that their use of the mark is unlawful, in connection with the sale, offering for sale, or distribution of Defendants' goods.

40.     The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

41.     Upon information and belief, Defendants' infringing activities include direct, purposeful and continuous contact with residents and customers in the State of Illinois.

42.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

43.     Upon information and belief, Defendants have made or will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

44.     By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged.  Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)(1)(A))

45.     Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

46.     Defendants' use of the PREVAGEN® mark which is identical or confusingly similar to Quincy's PREVAGEN® mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Quincy, or as to the

origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Quincy.

47.     Defendants' actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

49.     Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

50.     By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged.  Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

**COUNT III**
**FALSE ADVERTISING (LANHAM ACT)**
**15 U.S.C. § 1125(a)(1)(B)**

51.     Upon information and belief, Amazon.com requires that all of its third party sellers of dietary supplement products sell the products and "new" and not used.

52.     Third party sellers of dietary supplement products, including Defendant Ellishbooks, intend that, and are aware that, Amazon.com lists them as sellers of dietary supplement products in "new" condition.

53.     Amazon.com defines "new" condition as "[a] brand-new, unused, unopened item in its original packaging, with all original packaging materials included. Original protective wrapping, if any, is intact. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments."

54.     Defendants, in committing the unlawful and unauthorized actions of selling products on Amazon.com purporting to be "new" Quincy's  PREVAGEN® Regular Strength product and other PREVAGEN® products have made and distributed in interstate commerce and in this District advertising that contains false and misleading statements of fact regarding its products.

55.     By selling products purporting to be Quincy's PREVAGEN® Regular Strength product and other PREVAGEN® products, Defendants have misrepresented the nature, characteristics and qualities of Plaintiff's products bearing the PREVAGEN® trademark.  By selling Quincy's PREVAGEN® products on Amazon.com, Defendants sell products that do not contain all original manufacturers' warranties, or original protective wrapping, and sells dietary supplement products that do not conform to the Amazon.com definition of "new" condition.  Thus, Defendants' advertisements contain actual misrepresentations and/or misleading statements.

56.     Defendants' act of unlawfully advertising and selling Quincy's PREVAGEN® products on Amazon.com actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers.

57.     Defendants' false and deceptive statements are likely to influence purchasing decisions of a substantial segment of Plaintiff's customers

58.     Defendants' false and misleading advertising statements and omissions also injure the dietary supplement market at large by creating a lack of consumer confidence in the credibility and authenticity of such products.

59.     Defendants have caused, and will continue to cause, immediate and irreparable injury to Handsome Brook, including injury to Quincy's business, reputation and goodwill, for which there is no adequate remedy at law.  Quincy is therefore entitled to an injunction under 15

U.S.C. § 1116 restraining Defendants, their Officers, agents, employees and representatives, and all persons acting in concert with Defendants, from engaging in future acts of false advertising, and ordering removal of all Defendants' false advertisements.

**COUNT IV
DILUTION (LANHAM ACT)
15 U.S.C. §1125(c)**

60.    Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

61.    Plaintiff's PREVAGEN® mark is famous.

62.    Defendants' use of the PREVAGEN® mark commenced after Plaintiff's PREVAGEN® mark became famous.

63.    Defendants have used the PREVAGEN® mark in commerce.

64.    Defendants' wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PREVAGEN® by blurring and consequently are likely to injure Plaintiff's business reputation.

65.    Defendants willfully intended to trade on the recognition of Plaintiff's PREVAGEN® mark.

66.    By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

**COUNT V
DILUTION (ILLINOIS TRADEMARK REGISTRATION AND
PROTECTION ACT) 765 ILCS 1036**

67.    Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

11

68.     Plaintiff's PREVAGEN® mark is famous.

69.     Defendants' use of the PREVAGEN® mark commenced after Plaintiff's PREVAGEN® mark became famous.

70.     Defendants have used the PREVAGEN® mark in commerce.

71.     Defendants' wrongful acts, as detailed above, dilute the distinctive quality of Plaintiff's distinctive PREVAGEN® and are likely to injure Plaintiff's business reputation, in violation of Section 765 ILCS 1036/65.

72.     By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged.  Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

**COUNT VI**
**UNFAIR COMPETITION**
**Illinois Common Law**

73.     Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

74.     This is a claim against Defendants for unfair competition under the common law of the State of Illinois.

75.     Defendants' use of Quincy's PREVAGEN® mark is likely to and does permit Defendants to pass off its products as those of Quincy, all to the detriment of Quincy and the unjust enrichment of Defendants.

76.     Defendants' unauthorized use of the PREVAGEN® mark has caused and is likely to continue to cause damage to Quincy's valuable reputation and image associated with Quincy and its PREVAGEN® product.  Defendants have passed off its goods as those of Quincy by

Defendants' misrepresentations to the public, members of which are likely to believe that Defendants' goods and the products they advertise emanate from, or are associated with, Quincy.

77.     By reason of the foregoing, Defendants are liable to Plaintiff for compensatory damages and/or Defendants' illicit profits.

### COUNT VII
### ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### 815 ILCS 510

78.     Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

79.     Plaintiff has suffered, and continue to suffer, actual injury in fact due to the deliberate acts of infringement by Defendants without regard to Plaintiff's legal, contractual, and exclusive proprietary rights.

80.     Defendants' knowing acts and practices as detailed above constitute acts of unlawful, unfair or deceptive business acts and practices that have a substantial likelihood of consumer confusion within the meaning of Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/2.  Defendants have engaged in transactions that are in violation of numerous provisions of Illinois law.

### COUNT VIII
### UNJUST ENRICHMENT

81.     Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

82.     Defendants have retained the benefit of the commercial value of that PREVAGEN® product once stolen from Plaintiff's authorized retail sellers and purchased by Defendants at a cost lower than that paid by Plaintiff's authorized retail sellers to the detriment of Plaintiff.

13

83. Defendants' retention of the revenue from sales of once-stolen PREVAGEN® product violates fundamental principles of justice, equity, and good conscience.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. That Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

     i. Using the PREVAGEN® mark;

     ii. Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiff;

     iii. Falsely representing that Defendants are associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendants are in any way associated with or sponsored by Plaintiff; and

     iv. That Defendants be required to account to Plaintiff for any profits derived by it and for damages sustained by Plaintiff by reason of the acts of trademark infringement, dilution, deceptive and unfair trade practices, unfair competition and unjust enrichment complained of herein.

B. That judgment be entered against Defendants for: Plaintiff's damages and Defendants' profits; statutory damages; treble damages or profits, whichever are greater; prejudgment interest; and attorneys' fees pursuant to the Lanham Act, Illinois Trademark Registration and Protection Act, and Illinois Uniform Deceptive Trade Practices Act and the

common law of the State of Illinois for Defendants' willful infringement and dilution of Plaintiff's marks; and.

     C.     That this Court grant to Plaintiff any further relief deemed just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 14, 2017.     Respectfully submitted,


By: */s/ Sanjay S. Karnik*
Ryan M. Kaiser
Illinois Reg. No. 6289873
Jonathan J. Krit
Illinois Reg. No. 6201473
Sanjay S. Karnik
Illinois Reg. No. 6300156
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3328
Facsimile: (312) 884-7352

*Attorneys for Plaintiff,*
*Quincy Bioscience, LLC*