UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUINCY BIOSCIENCE, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. 17-cv-8292 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| ELLISHBOOKS, ELISHBOOKS | ) |
| CORPORATION, and DOES 1-5, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

The plaintiff's motion for default judgment against Ellishbooks and Elishbooks Corporation [16] is granted. A prove up hearing is set for 8/28/2018 at 9:00 AM.

## STATEMENT

The defendants, Ellishbooks and Elishbooks Corporation, failed to appear or timely file a responsive pleading in this action. Following the entry of default against the defendants under Rule 55(a), plaintiff Quincy Bioscience, LLC ("Quincy") moved for default judgment. The defendants appeared in opposition to that motion, arguing that default judgment could not be entered because service never occurred and that the default against them should be vacated. A district court may not exercise personal jurisdiction over a defendant unless that defendant has been properly served. A default judgment cannot be entered against a party over whom the court lacks personal jurisdiction. *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010).

The Federal Rules of Civil Procedure provide that, unless the rules require otherwise, a corporation may be served in accordance with the state law governing service in the state where service is made. Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A). Here, Quincy sought to serve the

1

defendants under the laws of New Jersey. Under New Jersey Law, service on a corporation may be obtained by:

> [S]erving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

N.J. Rules of Ct. 4:4-4(a)(6).

If personal service cannot be obtained after a reasonable and good faith attempt, New Jersey law provides that service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized to accept service for the defendant or, with postal instructions to deliver to the addressee only, to the defendant's place of business or employment. N.J. Rules of Ct. 4:4-3(a).

The evidence presented[1] establishes that Quincy initially discovered Ellishbooks' address from a product shipment with a return address of 103 Governors Road, Lakewood, NJ, 08701. Subsequent research did not disclose a similar company, and multiple attempts to serve Ellishbooks at that address were unsuccessful. A skip trace report later revealed that a company named Elishbooks was registered to the same address and that the company's registered agent at that address was identified as "Rachel." New Jersey produced only a single record reflecting the same

---

[1] The defendants argue that this Court should not consider additional documentation that the plaintiff has submitted with its reply, and should instead limit its review to the documents filed with the application for default in this case. The defendants, however, have identified no law limiting this Court's review to the documents filed with the application for default. Any prejudice, moreover, was mitigated by the sur-reply which the defendants were permitted to file in light of the evidence attached to Quincy Bioscience's reply.

information as the skip trace report. Subsequent searches discovered the phone number for Eliezer Steinharter, who resided at the Governors Road address. Eliezer Steinharter acknowledged his awareness of Ellishbooks, but denied involvement with the company and refused to provide additional information about it.

Quincy subsequently amended the complaint to name Elishbook Corporation, and again attempted service at the Governor's Road address. The process server made contact with an individual at the address, who admitted knowledge of the defendants but denied personal involvement and therefore refused to accept service. After this attempt at personal service failed, Quincy mailed service of process to each defendant at the Governors Road address by certified and regular mail.

The facts here establish that Quincy diligently attempted to determine the defendants' place of abode and engaged in reasonable research to that end. By all indications, the defendants deliberately obfuscated their place of business and sought to evade service, as shown by Eliezer Steinharter's refusal to provide any information about the company which was registered at his address and was operated by Rachel Steinharter. Although the process server's decision to attempt service on a corporation at 7:25 AM appears to have been poorly planned at first glance, it was not an entirely unreasonable decision given that the company was located at a residential address, the owner of the property appeared to be related to the owner of the company, and past service attempts during business hours had been unsuccessful. Those efforts having failed, Quincy mailed service to Elishbook Corporation's registered agent at the listed address in accordance with New Jersey law. Receipt of this form of service is reflected by the fact that, soon thereafter, defense counsel reached out to the plaintiffs to request an extension of time to answer. The Court therefore concludes that legally adequate service occurred and that it therefore has personal jurisdiction over the defendants adequate for the entry of default judgment against them.

The defendants alternatively move this Court to vacate the default against them. In order to have a default vacated, a party must establish good cause for their default, quick action to correct it, and a meritorious defense to the plaintiff's complaint. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). Absent their arguments concerning service of process, the defendants have identified no circumstances capable of establishing good cause for their default. *See Medline Indus., Inc. v. Medline Rx Fin., LLC.*, 218 F.R.D. 170, 172 (N.D. Ill. 2003) (Castillo, J.) (recognizing that settlement discussions do not constitute good cause for a default). Indeed, to date the defendants have still failed to file a responsive pleading in this action, despite having learned of its existence over four months ago. The defendants were free to challenge the adequacy of service via a properly brought motion under Federal Rule of Civil Procedure 12(b). Instead, they ignored this case and this Court until such time as default judgment was imminent, and then appeared at the last moment to challenge service of process. On these facts there can be no doubt that the defendants, who this Court finds were properly served, have knowingly and deliberately defaulted in this action. *See Strabala v. Zhang*, 318 F.R.D. 81, 90 (N.D. Ill 2016) (Durkin, J.) (recognizing that being wrong about what constitutes legally sufficient service is not good cause to excuse a default). Accordingly, the defendants have failed to establish that the default against them should be vacated.

Having concluded that legally valid service occurred and that the default against the defendants must stand, this Court is obligated to grant default judgment in Quincy's favor.

IT IS SO ORDERED.

Date: 8/8/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge