UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUINCY BIOSCIENCE, LLC ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-8292 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ELlISHBOOKS, ELISHBOOKS ) | |
| CORPORATION, and DOES 1–5, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Judgment is entered in favor of Quincy Bioscience, LLC and against defendants Ellishbooks and Elishbooks Corporation in the amount of $480,968.13, plus costs. The plaintiff is to file its bill of costs in accordance with Local Rule 54.1.

## STATEMENT

Pursuant to the default judgment entered in this case, it is undisputed that the defendants have engaged in trademark infringement, false designation of origin, false advertising, and dilution in violation of the Lanham Act and dilution, unfair competition, deceptive trade practices, and unjust enrichment in violation of state law. The plaintiffs ask this Court to award them damages, attorney's fees, and costs under the Lanham Act.

Under 15 U.S.C. § 1117(a), the plaintiff is entitled to recover (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. In assessing profits, it is the plaintiff's burden only to prove the defendant's sales; the defendant must prove its own expenses. *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 344 (7th Cir. 1985). The Court may also award compensatory damages of up to three times the amount of actual damages, depending on the circumstances of the case and, in exceptional cases, may award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a).

Here, the plaintiff has provided sales records conclusively establishing that the defendants sold 7,878 units of Prevagen branded products through Amazon, for a total value of $480,968.13. The defendants, in turn, have offered no evidence to this Court establishing their profits or costs and expenses. Although counsel asserted at the prove up hearing that the defendants had incurred $30,000 in expenses, counsel offered nothing capable of supporting this figure. The defendants have accordingly failed to meet their burden of proof, compelling this Court to award compensatory damages in the amount of $480,968.13, plus the plaintiff's costs in bringing this action. *WMS Gaming Inc. v. WPC Productions Ltd.*, 542 F.3d 601, 608–609 (7th Cir. 2008).

The plaintiff has argued that the defendants' conduct in this case warrants the imposition of compensatory damages in excess of the plaintiff's actual damages. The evidence before this Court, however, does not establish that Quincy Bioscience suffered broadly from reputational or other harms. The Court accordingly declines to award Quincy Bioscience additional compensatory damages. Quincy Biosciences further requests attorney's fees based on the defendants' dilatory conduct in this litigation. After reviewing the record, the Court does not find that the delays in this case have been so exceptional as to warrant the imposition of attorney's fees.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: 3/15/2019