IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **QUINCY BIOSCIENCE, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**ELLISHBOOKS, ELISHBOOKS CORPORATION** and **DOES 1-5,**<br><br>　　Defendants. | Case No. 1:17-cv-8292 |

## ORDER

The Court, having been presented with Plaintiff's Motion to Amend Final Order and Judgment, and having considered all arguments and evidence therein and previously presented in this case, hereby **GRANTS** the Motion.

In addition to the compensatory damages and costs awarded in the Court's Order of March 15, 2019, the Court makes the following determination under Fed. R. Civ. P. 65(d) that Plaintiff Quincy Bioscience, LLC is entitled to permanent injunctive relief as follows:

In this case, it has been found that Defendants Ellishbooks and Elishbooks Corporation have committed trademark infringement and false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A), with respect to Plaintiff's PREVAGEN® trademark. Defendants knew or had reason to know that at least some of the products bearing Plaintiff's PREVAGEN® trademark were stolen and that sales of these products injured Plaintiff and unjustly enriched Defendants. (Dkt. No. 10, FAC, ¶¶ 29-31, 82-83).

A permanent injunction may be granted where the plaintiff demonstrates the following: (1) the likelihood that the plaintiff will suffer irreparable harm in the absence of an injunction, (2) remedies at law (such as monetary damages) are inadequate to compensate the plaintiff for that harm, (3) the balance of hardships tips in the plaintiff's favor, and (4) the public interest would be not be disserved by the issuance of an injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). First, the award of damages notwithstanding, Plaintiff would continue to suffer irreparable harm if Defendants were not enjoined from performing the unlawful acts for which they were found liable: infringing upon Plaintiff's PREVAGEN® trademark; and (2) selling products bearing the PREVAGEN® trademark that they know or have reason to believe to be stolen. Second, Plaintiff's compensatory damage award would not constitute an adequate legal remedy were Defendants to simply resume their infringing activities. Third, the balance of hardships weigh in the Plaintiff's favor: an order simply enjoining Defendants from selling infringing products or products known to be stolen simply require Defendants to comply with the law following resolution of this case. *See Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds,* 547 U.S. 9, 23, 126 S. Ct. 1264, 164 L. Ed. 2d 10 (2006) (holding that injunctive relief should be narrowed "to the scope of the violation found."). Finally, it is in the public's interest that the consuming public not be sold ingestible dietary supplement products of questionable quality; and it is in the public's interest that Defendants not be participants in, or further, a network involving the purchase or sale of stolen goods.

Based on these findings, Defendants Ellishbooks and Elishbooks Corporation are hereby permanently enjoined from (1) infringing upon Plaintiff's PREVAGEN® trademark; and (2) selling stolen products bearing the PREVAGEN® trademark.

The Clerk of Court is directed to enter this Order and issue an Amended Final Judgment reflecting the permanent injunctive relief granted herein.

**IT IS SO ORDERED** this 26th day of March 2019.

_____
Hon. Sharon Johnson Coleman
United States District Judge