IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **QUINCY BIOSCIENCE, LLC,** | |
| Plaintiff, | Case No. 1:17-cv-8292 |
| v. | Hon. Sharon Johnson Coleman |
| **ELLISHBOOKS, and ELISHBOOKS CORPORATION,** | *On Appeal in the United States Seventh Circuit, No. 19-1799* |
| Defendants. | |

**PLAINTIFF'S MOTION TO COMPEL
ORDERING OF TRANSCRIPT PARTS**

Pursuant to Rule 10(b)(3)(C) of the Federal Rules of Appellate Procedure, Plaintiff Quincy Bioscience, LLC ("Plaintiff" or "Appellee") hereby moves for an order compelling Defendants Ellishbooks and Elishbooks Corporation ("Defendants" or "Appellants") to designate and order certain transcripts of proceedings that occurred in the District Court, so that they may be entered into the proceedings currently on appeal.

**I.    INTRODUCTION**

Defendants Ellishbooks and Elishbooks Corporation have appealed this Court's ruling of March 26, 2019 (Dkt. No. 69) granting Plaintiff's motion to modify the final judgment in the action to include injunctive relief. Fed. R. App. P. 10(b)(3)(C) allows an appellee to file a motion in the district court requiring an appellant to order transcript parts that appellee deems necessary for consideration by the appellate court. In this case, Defendants have appealed a specific issue of determined fact that they contend was made on insufficient evidence. Fed. R. App. P. 10(b)(2) requires Defendants to order all transcript parts relevant to such findings. Defendants erroneously refused to order any transcript parts. Therefore, as fully explained below, Defendants should be

1

ordered by this Court to order certain transcript parts so that the appellate court can conduct a meaningful review.

## II. PROCEDURAL HISTORY

### A. Pertinent District Court Proceedings

Following the Prove-Up Hearing of March 12, 2019 and Plaintiff's submission of supporting evidence of damages on the same day (Dkt. Nos. 61 – 63), on March 15 this Court entered an Order awarding Plaintiff judgment in the amount of $480,968.13, plus costs. (Dkt. No. 64). Judgment was entered on March 18, 2019. (Dkt. No. 65). On March 20, Plaintiff filed a motion to amend order and judgment "so as to include the injunctive relief awarded by way of the default judgment" previously issued against Defendants. (Dkt. No. 66 at 1). A hearing on this motion was held on March 26, 2019. (Dkt. No. 68). Defendants did not respond to the motion or attend the motion hearing. (*Id.*). Also on March 26, this Court issued an order granting Plaintiff's motion to amend order and judgment, stating the reasons for, and outlining the terms of, permanent injunctive relief against Defendants and in Plaintiff's favor. (Dkt. No. 69 (hereinafter "March 26 Order")). The March 26 Order directed the Clerk of Court to issue an amended final judgment, but the Clerk has not yet done so. (*Id.* at 3).

### B. Defendants' Notice of Appeal and Refusal to Order Transcript Parts

On April 24, 2019, Defendants filed a Notice of Appeal of the March 26 Order. (Dkt. No. 70). On April 30, 2019, the Seventh Circuit raised a jurisdictional question, directing Defendants (as the appellants) to submit a memorandum stating why the parties should not return to the District Court to obtain the injunction order as a separate document per Fed. R. Civ. P. 65(d)(1)(C). (*See* Declaration of Sanjay S. Karnik ("Karnik Decl."), ¶ 5, Attachment A – Appeal Docket No. 2)[1]. In

---

[1] For the Court's convenience, Plaintiff submits, through the declaration of undersigned counsel, pertinent filings in the appellate proceedings in this case.

their memorandum, Defendants stated to the appellate court that "[t]he principal issue to be presented on and at appeal is the matter of the unfounded allegation of Defendant's selling 'stolen' products bearing the Prevagen trademark. The settlement of the matter of Defendant's selling stolen product was never adjudicated, nor was sufficient evidence proferred[.]" (Karnik Decl., ¶ 6, Attachment B, Appeal Docket No. 5 at 1). (This appeal issue identified by Defendants will be referred to below as the "stolen products" issue). While Defendants have implied that they intend to present issues beyond their noted "principal issue," Defendants have not filed a Statement of the Issues on Appeal per Fed. R. App. P. 10(b)(3)(A).

On May 14, 2019, Defendants filed an "Appellants' Notice Re: Transcripts," stating that they "do not intend to order any transcript from the district court because there has been no response from the clerk's office regarding ordering a transcript from the district court." (Karnik Decl. ¶ 7, Attachment C – Appeal Docket No. 10). Pursuant to Fed. R. App. P. 10(b)(3)(B), Plaintiff filed a response designating certain parts that must be ordered, stating:

> Per Fed. R. App. P. 10(b)(2), Appellants should order all available transcripts from the District Court relevant to the stolen products issue, which includes, at a minimum, all district court hearing transcripts related to the default judgment entered in the case, as well as the transcripts of the March 12, 2019 prove-up hearing and March 26, 2019 hearing on Quincy's granted motion to amend order and judgment.

(Karnik Decl. ¶ 8, Attachment D – Appeal Docket No. 15 at 2). Currently, Defendants' initial brief as Appellants is due to be filed on July 1, 2019, with Plaintiff's response brief as Appellee due on July 31, 2019. (Karnik Decl. ¶ 9).

**III.     ARGUMENT**

The District Court should enter an Order compelling Defendants, as the appellant, to order certain transcripts of proceedings held in the District Court that are relevant to the stolen products issue which they have appealed to the Seventh Circuit.

Fed. R. App. P. 10(b)(2) states that "[i]f the appellant intends to urge on appeal that a

finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant *must* include in the record a transcript of all evidence relevant to that finding or conclusion." (emphasis added). Despite this requirement, and despite the fact that they clearly intend to urge on appeal that the "stolen products" determination is unsupported by the evidence, Defendants have not ordered any transcripts from necessary district court proceedings, and have stated that they do not intend to do so.

Rule 10(b)(3)(B) of the Federal Rules of Appellate Procedure states that "if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and statement of the issues, file and serve on the appellant a designation of additional parts to be ordered[.]" Accordingly, Plaintiff filed its Rule 10(b)(3)(B) designation on May 28, 2019. (Karnik Decl. ¶ 8, Exhibit D – Appeal Docket No. 15). Rule 10(b)(3)(C) states, "unless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order requiring appellant to do so." In this case, Defendants have not notified Plaintiff of such an order of transcripts, nor have they served the required statement of the issues. Now within the "following 14 days" set forth in Rule 10(b)(3)(C), Plaintiff timely brings this motion for an order compelling Defendants to order certain transcript parts.

The Seventh Circuit has held that Rule 10(b)(1) requires the *appellant* "to order for inclusion in the Record on Appeal any transcripts of the District Court proceedings necessary for a meaningful review by the Appellate Court." *Birchler v. Gehl Co.*, 88 F.3d 518, 519 (7th Cir. 1996). In this case, Defendants should, at a minimum, be compelled to order all district court hearing transcripts related to the default judgment entered in the case, as well as the transcripts of

4

the March 12, 2019 prove-up hearing and March 26, 2019 hearing on Quincy's granted motion to amend order and judgment. *See Hill v. Porter Memorial Hosp.*, 905 F. Supp. 567, 570 (N.D. Ind. 1995) (ordering appellant to supplement the appellate record with additional transcript parts to permit consideration of all issues raised on appeal); *Ross v. M/Y Andrea Aras*, No. 05-61238-CIV-COHN/S, 2007 U.S. Dist. LEXIS 43635, at *9 (S.D. Fla. June 14, 2007) (same). This is especially true as it is believed that the contention regarding sales of stolen products arose in at least one or more of the hearings identified above. The hearings held on the entry of default judgment are similarly "relevant" per Fed. R. App. P. 10(b)(2) to the issue of stolen products as the issue of stolen goods was raised in the motion for default judgment itself. (Dkt. No. 16 at 10-12). Defendants should additionally be required to order these and any other transcript parts relevant to the other issues they intend to attempt to raise in the pending appeal.

**IV. CONCLUSION**

For the above reasons, the District Court should grant Plaintiff's motion filed pursuant to Fed. R. App. P. 10(b)(3)(C) and direct Defendants to order and place into the appellate record all transcripts of proceedings related to Defendants' default judgment, the March 12, 2019 Prove-Up Hearing, and March 26, 2019 hearing on Plaintiff's Motion to Amend Order and Judgment.

Dated: June 13, 2019.                    Respectfully submitted,

By: */s/ Sanjay S. Karnik*
Jonathan J. Krit
Illinois Reg. No. 6201473
Sanjay S. Karnik
Illinois Reg. No. 6300156
AMIN TALATI WASSERMAN, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3328
Facsimile: (312) 884-7352

*Attorneys for Plaintiff,*

5

*Quincy Bioscience, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2019 I electronically filed the foregoing document described as PLAINTIFF'S MOTION TO COMPEL ORDERING OF TRANSCRIPT PARTS with the Clerk of Court using the CM/ECF System, which serves all counsel of record.

*/s/ Sanjay S. Karnik*
Jonathan J. Krit
Illinois Reg. No. 6201473
Sanjay S. Karnik
Illinois Reg. No. 6300156
AMIN TALATI WASSERMAN, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3328
Facsimile: (312) 884-7352

*Attorneys for Plaintiff,*
*Quincy Bioscience, LLC*