IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUINCY BIOSCIENCE, LLC,<br>Plaintiff - Appellee,<br><br>Vs.     No. 19-1799<br><br>ELLISHBOOKS, ELISHBOOKS CORPORATION,<br>Defendant - Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | On Appeal in the United States Seventh Circuit<br>No. 1:17-cv-8292<br>Hon .Sharon Johnson Coleman |

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ORDERING OF TRANSCRIPT PARTS**

NOW COMES, the Defendant, Ellishbooks, Elishbooks Corporation, through his counsel, Robert M. Dewitty, in response to Plaintiff's Motion to Compel Ordering of Transcript parts.

**INTRODUCTION.**

The principal issue to be presented on and at appeal is the matter of the Defendant selling stolen products. On May 14, 2019, Defendants did filed an "Appellants' Notice Re: Transcripts," stating that we did not intend to order any transcript from the district court because there has been no response from the clerk's office regarding ordering a transcript from the district court. Upon further consideration Defendants noticed that there are no substantial evidence on record that related to the matter of stolen or should have known to be stolen products.

**ARGUMENT.**

Fed. Rule 10(b)(2) requires a transcript of all evidence relevant to a finding that an appellant intends to contest as unsupported. Fed. Rule 10(b)(3(B) allows within 14 days after service of order or certificate and statement of the issues, appellee file and serve on appellant a designation of parts of transcript to be ordered. In the instant case, Appellant Elishbooks is

1

unaware of <u>any</u> evidence relevant to the conclusion of 'stolen' merchandise. Further, instead of delivering a designation for specific parts of transcript to appellant, appellee has elected to prematurely file a Motion to Compel, and requested a hearing on such Motion. Due to Appellant being out of the current jurisdiction, appellant believes this Motion is primarily being brought to create additional financial pressure on Appellant, requiring appellant to continue travel to a distant jurisdiction in order to merely correct a legal determination that was never supported with evidence. The legal determination at issue is, as stated in the appeal, the matter of 'stolen' and 'should have known to be stolen'.

      Under Illinois law, a *prima facie* legal determination for 'stolen' or 'should have known to be stolen' requires it must be proved that the property has in fact been stolen by a person (other than the one charged with receiving it), that the one charged with receiving it has actually received the property stolen, that the receiver knew that the property was stolen at the time he received it, and that he received it for his own gain (*see, People v. Rubin, 361 Ill. 311*). Whereas Appellee has requested an order that certain transcripts of proceedings held in District Court that are relevant to stolen products, Appellant asserts <u>there have been no proceedings held in District Court that discussed or attempted to establish the elements of 'stolen' or 'should have known to be stolen' under Illinois law.</u>

      Because there were no proceedings held in District Court that addressed, or even attempted to address, a legal determination of 'stolen' or 'should have known to be stolen', such an order should be denied in favor of Appellee first being required to identify with specificity which aspects of proceedings under District Court addressed the elements of 'stolen', and deliver the description to Appellant.

2

**CONCLUSION.**

The District Court should deny Appellee's motion filed as being premature, and require Appellee to first direct request for specific parts from Appellant.

_____/s/_____
Respectfully submitted,
Robert M. DEWITTY
Attorney for Defendants
ELLISHBOOKS, ELISHBOOKS CORPORATION
DeWitty and Associates, Chtd.
330 Pennsylvania Avenue, S.E.,
#302 Washington, D.C. 20003
T:  202 380 9609
F: 202 513 8071
E:  admin@dewittyip.com
rmdewitty@dewittyip.com

Date:  8 July 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUINCY BIOSCIENCE, LLC, | ) | |
| Plaintiff - Appellee, | ) | On Appeal in the United States |
| | ) | Seventh Circuit |
| Vs.   No. 19-1799 | ) | Eastern Division. |
| ELLISHBOOKS, ELISHBOOKS | ) | No. 1:17-cv-8292 |
| CORPORATION, | ) | Hon. Sharon Johnson Coleman |
| Defendants - Appellants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2019, I electronically filed this DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ORDERING OF TRANSCRIPT PARTS with the Clerk of the United States District Court for the Northern District using the CM/ECF system.

Respectfully submitted,
William L. Varick Paralegal to
Robert M. DEWITTY
Attorney for Defendants
ELLISHBOOKS, ELISHBOOKS CORPORATION
DeWitty and Associates, Chtd.
330 Pennsylvania Avenue, S.E.,
#302 Washington, D.C. 20003 Ste.300,
T:  202 380 9609
F: 202 513 8071
E:  admin@dewittyip.com
rmdewitty@dewittyip.com