IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUINCY BIOSCIENCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ELLISHBOOKS and ELISHBOOKS CORPORATION, <br><br> Defendants. | Case No. 1:17-cv-8292 <br><br> Hon. Sharon Johnson Coleman |

## FINAL JUDGMENT IN A CIVIL CASE

Plaintiff Quincy Bioscience, LLC ("Plaintiff" or "Quincy") filed this action against Defendants Ellishbooks and Elishbooks Corporation ("Defendants"), alleging federal trademark infringement (Count I), false designation of origin and unfair competition (Count II), false advertising (Count III), dilution (Count IV), and related state law claims including unjust enrichment (Counts V through VIII). (Dkt. No. 10). Plaintiff's motion for default judgment against Defendants seeking monetary and injunctive relief was granted on August 8, 2018. (Dkt. No. 28). Following a damages prove-up hearing on March 12, 2019, including the submission of supporting evidence (*see* Dkt. Nos. 62 and 63), on March 18, 2019 the Court issued a judgment in favor of Quincy and against Defendants in the amount of $480,968.13, plus costs. (Dkt. No. 65). The Court stated its reasons for this award of damages in an Order dated March 15, 2019. (Dkt. No. 64). On March 26, 2019, the Court granted Quincy's Motion to Amend Final Order and Judgment, finding that Defendants "have committed trademark infringement and false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A), with respect to Plaintiff's PREVAGEN® trademark. Defendants knew or had reason to know that at least some of the products bearing

Plaintiff's PREVAGEN® trademark were stolen and that sales of these products injured Plaintiff and unjustly enriched Defendants." (Dkt. No. 69 ("March 26 Order") at 1). The Court further found reasons for the awarding of permanent injunctive relief against Defendants. (*Id.* at 2). The Court ordered the previously entered Judgment to be amended to enjoin Defendants from infringing Plaintiff's trademark and from selling stolen goods bearing Plaintiff's trademark. (*Id.* at 2-3).

Before the Clerk of Court amended the previously entered Judgment, Defendants appealed the March 26 Order. (Dkt. No. 70). On June 17, 2019 the Seventh Circuit remanded the Parties to seek and obtain an injunction order in compliance with Fed. R. Civ. P. 65(d)(1)(C). (Appellate Case No. 19-1799, Docket No. 16) (citing *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525 527 (7th Cir. 1988) ("…There must be a separate document, with a self-contained statement of what the court directs to be done.")).

Having entered upon a showing a default judgment against Defendants Ellishbooks and Elishbooks Corporation, finding that Defendants have committed trademark infringement and false advertising; having determined that damages are due in favor of Quincy in the amount of $480,968.13, plus costs; and having determined that permanent injunctive relief against Defendants is warranted;

**THIS COURT HEREBY ENTERS JUDGMENT** in the amount of $480,968.13, plus costs, in favor of Plaintiff Quincy Bioscience, LLC and against Defendants Ellishbooks and Elishbooks Corporation; and

**THIS COURT HEREBY FURTHER ENTERS JUDGMENT** in the form of a permanent injunction against Defendants Ellishbooks and Elishbooks Corporation, in which they are permanently enjoined from (1) infringing upon Plaintiff's PREVAGEN® trademark; and (2) selling stolen products bearing the PREVAGEN® trademark.

This is a Final Judgment against the Defendants, Ellishbooks and Elishbooks Corporation.

DATED: August 1, 2019.

_____
Hon. Sharon Johnson Coleman
United States District Judge
Northern District of Illinois